## Keathley v. Commonwealth.

June 4, 1943.

L. J. May for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER— Affirming.

The appellant, Addie Keathley, was upon her trial on an indictment charging her with the murder of John Elmer Moore convicted of manslaughter and sentenced to five years' confinement in the penitentiary.

We are upon this appeal asked to reverse that judgment upon the two grounds (1) that the court erred at the close of all the evidence in not sustaining her motion to instruct the jury to find her not guilty and (2) because the verdict of the jury is not sustained by and is contrary to the evidence.

The testimony of appellant, given in her attempt to justify her admitted shooting and killing of the deceased, John Elmer Moore, to whom she states she was then engaged and shortly to be married, shows that he was then, on the summer afternoon in evidence, visiting appellant at her home in response to her express invitation given him to have dinner with her. Further she related a very improbable and revolting story, making this a very abnormal and repulsive case.

There were no eyewitnesses as to the facts and circumstances under which this killing was done, and therefore we have only her unreasonable and repulsive story as to the bestial and infamous misconduct and depraved treatment to which she was subjected upon this occasion by the deceased, her perverted lover, as constituting her alleged provocation and justification for shooting and killing him.

The appellant's testimony as to this killing is of such a disgusting and revolting character that we refrain from copying it in our opinion, deeming it sufficient to only here state that according to her testimony she is shown to be a widow of mature age, weighing some 252 pounds and proportionately strong, while her betrothed, the deceased, was of much less size and strength and a cripple, which condition, it would appear, rendered her quite able to repel and overcome any proffered indignity, without requiring her use of a pistol.

Appellant testifies that she and deceased had been sweethearts for some thirteen months and had set the day of their wedding for June 29, just a week or so later than the killing; further, that he had never mistreated her before, but that on this occasion, when he was sober and without any excuse or provocation whatever given for his aggressive and "dirty" treatment of her, he made an indecent and abnormal proposal to her, which she states she rejected though at the same time admitting that she gave way to him and "quit trying to fight him" and that, having ceased her resistance, she reached into her machine drawer for her pistol, got to her feet and scuffled with the deceased for five minutes or less, "or maybe longer"; that the deceased grabbed the pistol she was pointing at and holding against him, when it "went off," the shot mortally wounding him and almost instantly bringing about his death.

The appellant's grounds, upon which she bases her plea for reversal of the judgment finding her guilty, being (as stated above) that the court erred at the close of all the evidence in refusing to sustain her motion for a directed verdict finding her not guilty and that the verdict of the jury was not sustained by but contrary to the evidence, which two grounds are in effect but the one, that the evidence was insufficient to sustain the verdict, we feel it sufficient to state, in answer to this contention made, that after having very carefully read and consid-

ered the entire record, we are led to conclude that the grounds urged by appellant for reversal of the judgment are without merit, in that we find that ample evidence, of a substantial and probative nature, was introduced by the commonwealth and given by its witnesses, which, when considered in connection with the unreasonable story given in revolting detail by appellant, is quite sufficient to support the verdict of the jury finding the defendant guilty of manslaughter.

The judgment is therefore affirmed.